Tawes, Stirling & Co. *vs.* Tyler, Leach & Co., *et al.*

was such as maintained by the plaintiff, or such as the defendants allege.

*Judgment affirmed.*

(Decided 17th December, 1889.)

---

James C. Tawes and James W. Stirling, co-partners, trading as Tawes, Stirling & Co. *vs.* Thomas F. Tyler, Benjamin H. Leach and others, trading as Tyler, Leach & Co., and others.

*Order from which an Appeal will not lie.*

No appeal lies from an order overruling a demurrer to a petition in insolvency by creditors of the insolvents, and requiring the latter to answer within a specified time; such order not being final, and deciding no question under the insolvent laws within the meaning of sec. 31 of Art. 47 of the Code.

Appeal from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was submitted to Alvey, C. J., Stone, Miller, Robinson, Irving, Bryan, and McSherry, J.

*Thomas S. Hodson,* for the appellants.

*Thomas W. Hall,* and *Charles Marshall,* for the appellees.

Robinson, J., delivered the opinion of the Court.

We all agree, that the appeal in this case must be dismissed. It must be dismissed, because the judgment

Tawes, Stirling & Co. *vs.* Tyler. Leach & Co., *et al.*

below from which it is taken, is in no sense a *final judgment*, and decides no question under the insolvent laws, within the meaning of sec. 31, Art. 1, of the Code. The case is this—Proceedings in insolvency were instituted against Tawes, Stirling & Co., on the ground that they had within four months before the institution of such proceedings, sold or transferred all or part of their property "with intent to delay, hinder or defraud their creditors."

To the petition of the creditors a demurrer was filed by Tawes, Stirling & Co., on the ground, 1st, That the petition was filed in the name of two firms, Webster, Ford & Co., and Tyler, Leach & Co., and the affidavit to the petition was made by Thomas F. Tyler only; and 2ndly, That the petition did not allege the insolvency of the defendants, or any act of insolvency, except that the sales, assignments, etc., of the property therein referred to, were made with intent to hinder, delay and defraud their creditors. This demurrer was overruled, and the defendants were required to answer, and show cause why they should not be adjudicated insolvents, as prayed in said petition. The only adjudication by the Court on the demurrer, was as to the sufficiency of the affidavit, and the sufficiency of the allegations in the petition. From such an adjudication, which decides nothing as to the real merits of the case, it is plain no appeal will lie. The policy of the insolvent laws, requires a speedy adjudication as to the question of insolvency, and a speedy settlement and distribution of the insolvent estate. And if appeals like the one now before us can be taken, it would lead to unnecessary delay and protracted litigation, and the object of the statute would, in a measure, be substantially defeated.

*Appeal dismissed.*

(Decided 17th December, 1889.)